WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noah Benitez Johnson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　Respondents. | No. CV-23-00583-PHX-SPL (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Petitioner Noah Benitez Johnson has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.     SUMMARY OF CONCLUSION**

Petitioner was convicted pursuant to a plea agreement in Maricopa County Superior Court, case #CR 2017-144975, of one count of child sex trafficking and two counts of attempted child sex trafficking. Petitioner was sentenced to a 13.5-year term of imprisonment. Petitioner was granted relief in a petition for post-conviction relief, and he was resentenced from 13.5 years to 12.5 years. In his habeas petition, Petitioner raises three grounds for relief. However, the petition is untimely, and Petitioner is not entitled to equitable tolling. Accordingly, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

\\\

## II. BACKGROUND

### A. Conviction and Sentencing

On October 6, 2017, Petitioner was charged with four counts of child sex trafficking. (Doc. 10-1 at 3-5; Exh. A.) On July 31, 2018, Petitioner pleaded guilty to one count of child sex trafficking (Count 1, as amended) and two counts of attempted child sex trafficking (Counts 2 and 3, as amended). (*Id.* at 7-11, 13-15; Exhs. B, C.) On September 7, 2018, Petitioner was sentenced to 13.5 years' imprisonment on Count 1 and lifetime probation on Counts 2 and 3. (*Id.* at 17-21; Exh. D.)

### B. Post-Conviction Relief Proceedings

On October 17, 2018, Petitioner filed a notice of post-conviction relief (PCR). (*Id.* at 23-25; Exh. E.) On October 11, 2019, Petitioner, through counsel, filed a PCR petition asserting the following claims: (1) the sentence imposed for Count 1 was unlawful, and (2) trial counsel was ineffective for failing to object to the unlawful sentence. (Doc. 1 at 15-25.) Counsel argued that Petitioner's 13.5-year sentence exceeded the maximum sentence supported by the factual basis for the crime Petitioner was charged with and pleaded guilty to in Count 1. (*Id.*) The State conceded that Petitioner should be resentenced on Count 1 from 13.5 years to 12.5 years. (Doc. 10-1 at 27-37; Exh. F.) The trial court subsequently granted Petitioner relief and Petitioner entered a modified plea agreement on May 21, 2020. (*Id.* at 39-43; Exh. G.) That same day, Petitioner was resentenced to 12.5 years' imprisonment on Count 1. (*Id.* at 45-48; Exh. H.)

On June 9, 2021, Petitioner filed a pro se motion for "Leave of Court to Amend Post-Conviction Petition" with the trial court. (*Id.* at 50-59; Exh. I.) On September 8, 2021, the trial court denied the motion, finding that it "previously granted post-conviction relief by resentencing Defendant in an order filed on May 22, 2021," and there was "no pending [PCR] Petition to amend." (*Id.* at 61; Exh J.)

Almost a year later, on May 6, 2022, Petitioner filed a pro se PCR notice and petition pursuant to Rule 33. (Doc. 1 at 29-49.) Petitioner raised the following claims: (1) the 12.5-year sentence for Count 1 was unlawful because there was no factual basis for the

imposition of a sentence exceeding the 5-year presumptive sentence in A.R.S. § 13-702(D); (2) post-conviction relief counsel was ineffective for failing "to remind the judge of the need to articulate specific reasons supporting a departure from the presumptive sentence imposed"; and (3) the imposition of his sentence was not based on facts "proven to a jury" in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 1 at 39-49.) On September 15, 2022, the trial court dismissed the PCR petition, finding it "untimely by almost two years." (*Id.* at 50-53.)

On October 12, 2022, Petitioner filed a petition for review in the Arizona Court of Appeals. (*Id.* at 54-67.) On March 21, 2023, the Arizona Court of Appeals granted review but summarily denied relief. (*Id.* at 68-69.) The record reflects that Petitioner did not seek review in the Arizona Supreme Court. (*Id.* at 3-4.)

### III.  PETITION FOR WRIT OF HABEAS CORPUS

On April 5, 2023, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) As summarized by this Court, Petitioner raises the following grounds for relief:

> In Ground One, Petitioner alleges that his sentence was unlawful in that he was sentenced to an aggravated maximum term of 12.5 years, but no aggravating factors were found by a jury or the judge at resentencing. In Ground Two, he alleges that he was denied the effective assistance of counsel in post-conviction proceedings in violation of the Fifth, Sixth, and Fourteenth Amendments. In Ground Three, he alleges that imposition of an aggravated maximum sentence absent the finding of aggravating factors by a jury or the court at his resentencing was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).

(Doc. 5 at 2.) On July 11, 2023, Respondents filed a Limited Answer. (Doc. 10.) On July 31, 2023, Petitioner filed a Reply. (Doc. 11.)

### IV.  STATUTE OF LIMITATIONS

#### A.  Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review

1  or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

2  An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 33, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 33 of-right proceeding, or upon the expiration of the time for seeking such review. *See id.*

Petitioner pleaded guilty and was sentenced on September 7, 2018, to 13.5 years' imprisonment on Count 1 and lifetime probation on Counts 2 and 3. (Doc. 10-1 at 7-11, 13-15, 17-21; Exhs. B, C, D.) Petitioner initiated "of right" PCR proceedings on October 17, 2018. (*Id.* at 23-25; Exh. E.) The trial court granted Petitioner relief, and he was resentenced on May 21, 2020, to 12.5 years' imprisonment on Count 1 pursuant to a modified plea agreement. (*Id.* at 39-43, 45-48; Exhs. G, H.)

Petitioner then had 90 days -- or until August 19, 2020 -- within which to initiate PCR proceedings. Petitioner failed to do so. Petitioner's habeas petition was due one year later, on August 19, 2021, absent statutory or equitable tolling.

### B.  Statutory Tolling

The one-year limitations period is statutorily tolled for the time period "during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner filed a pro se PCR notice and petition pursuant to Rule 33 on May 6, 2022. (Doc. 1 at 29-49.) On September 15, 2022, the trial court dismissed the PCR petition, finding it "untimely by almost two years." (Doc. 1 at 50-53.) Because Petitioner failed to file a timely PCR notice and petition, these filings did not toll the statute of limitations as they were not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (stating that an "untimely petition must be treated as improperly

filed, or as though it never existed, for purposes of section 2244(d)"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."), *amended*, 439 F.3d 993 (9th Cir. 2006). Furthermore, Petitioner's untimely PCR notice and petition, filed 261 days after the AEDPA's limitations period expired, did not restart the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year limitations period does not reinstate limitations period that ended before state petition was filed).

Petitioner filed his habeas petition on April 5, 2023 -- 595 days after the deadline expired. (Doc. 1.) Absent equitable tolling, Petitioner's habeas petition is untimely.

**C.     Equitable Tolling**

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). A petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

In both his habeas petition and Reply, Petitioner argues that he is entitled to equitable tolling, stating that he did not have access to the law library or legal resources

due to a Covid-19-related prison lockdown from March 2020 to May 2022. (Doc. 1 at 11; Doc. 11 at 11-13.) However, courts in the Ninth Circuit have generally held that prison limitations to law library access or library resources do not constitute extraordinary circumstances warranting equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier ... were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (recognizing that lack of access to library materials does not automatically qualify as grounds for equitable tolling); *Booker v. Busby*, 2011 WL 5966723, at *4 (C.D. Cal. Oct. 4, 2011) ("[C]ourts routinely recognize that prison lockdowns ... and lack of law library access do not generally constitute extraordinary circumstances that warrant the granting of equitable tolling."). Courts in this District have specifically found that prison lockdowns and lack of law library access due to the Covid-19 pandemic do not constitute extraordinary circumstances. *See Cole v. Shinn*, 2023 WL 4424561, at *8 (D. Ariz. Mar. 28, 2023) (Report and Recommendation adopted by *Cole v. Shinn*, 2023 WL 4421584 (D. Ariz. July 10, 2023)); *Eschief v. United States*, 2022 WL 1542085, at *5 (D. Ariz. Feb. 18, 2022) (Report and Recommendation adopted by *Eschief v. United States*, 2022 WL 1540092 (D. Ariz. May 16, 2022)). *See also Brown v. Holbrook*, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) (holding that the Covid-19 pandemic was not an "extraordinary circumstance" to entitle petitioner to equitable tolling when petitioner "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in this particular situation"); *Dones v. Allison*, 2022 WL 17979758, at *5 (S.D. Cal. Dec. 28, 2022) (declining to apply equitable tolling where petitioner did not explain how the lack of access to the law library, phone calls, and standard mail due to the Covid-19 pandemic prevented him from timely filing his petition).

Moreover, Petitioner does not argue that he was prevented from drafting a habeas petition or utilizing the mail during the lockdown period. *See United States v. Ramsey*, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999) (finding the petitioner had not met his burden of establishing a basis for equitable tolling where the petitioner did not assert he

was prevented from writing his § 2255 motion or utilizing the mail during the lockdown period). To the contrary, the record reflects that during the time period at issue, Petitioner filed a "Special Action Emergency Motion for Compassionate Release" (filed August 26, 2020), a request for "Leave of Court to Amend Post-Conviction Petition" (filed June 15, 2021), and a "Request for Sentencing Transcripts" (filed April 19, 2022). (Doc. 10-1 at 50-59, 63-69, 71-73; Exhs. I, K, L.)

Accordingly, having failed to demonstrate extraordinary circumstances or that he has diligently pursued his rights, the Court finds that Petitioner is not entitled to equitable tolling. Petitioner's habeas petition is untimely and barred as a matter of law under the AEDPA.

## V. CONCLUSION

The Court concludes that Petitioner's habeas petition is untimely, and Petitioner is not entitled to statutory or equitable tolling to excuse the untimely filing.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

1  Failure to timely file objections to the Magistrate Judge's Report and
2  Recommendation may result in the acceptance of the Report and Recommendation by the
3  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
4  1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
5  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
6  findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report
7  and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 26th day of January, 2024.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge